```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


BEVERLY THOMPSON                                          PLAINTIFF

VS.                              CIVIL ACTION NO. 5:05cv21(DCB)(JCS)

THAMES AUTOPLEX, INC.;
TRIAD CORPORATION;
AND JOHN DOES                                            DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Triad Corporation's motion to refer this case to U.S. Bankruptcy Court **(docket entry 2)** and on the plaintiff Beverly Thompson's motion to remand and for abstention **(docket entry 8)**. Having reviewed the motions and responses, the memoranda and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

On December 3, 2004, the plaintiff filed a state court action in the Circuit Court of Warren County, Mississippi, against Thames Autoplex, Inc., Triad Corporation, and John Does. The plaintiff Beverly Thompson is an adult resident citizen of Warren County, Mississippi. Defendant Thames Autoplex, Inc., is a corporation incorporated under the laws of the State of Mississippi and is licensed to do business in the State of Mississippi. Defendant Triad Corporation is a non-resident corporation organized and existing under the laws of the State of California.

On February 4, 2005, Triad filed a notice of removal to this

Court, asserting that an involuntary petition for bankruptcy under Chapter 7 was filed against Thames Autoplex on January 24, 2005, in the United States Bankruptcy Court for the Southern District of Mississippi.  Triad also moved to refer this case to the Bankruptcy Court, alleging that "[t]his action represents a core proceeding or, alternatively, a non-core 'related' proceeding in the Thames bankruptcy case."  Triad's Motion to Refer Case to Bankruptcy Court, ¶ 5.  On June 1, 2005, the plaintiff filed a motion to lift the automatic stay.  The Bankruptcy Court entered an order lifting the automatic stay to allow the plaintiff to proceed with her civil action against Thames Autoplex.  The plaintiff moves for abstention from the exercise of bankruptcy jurisdiction and remand to the state court.

Under 28 U.S.C. § 1334(b), the district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  In Matter of Wood, 825 F.2d 90 (5th Cir. 1987), the Fifth Circuit Court of Appeals stated that the term "arising under" describes "those proceedings that involve a cause of action created or determined by a statutory provision of title 11."  Id. at 96.  The term "arising in" refers "to those 'administrative' matters that arise only in bankruptcy cases."  Id. at 97.

These terms are "helpful indicators" of the meaning of "core proceedings," a term left undefined by the statute.  Id.  As the

2

Fifth Circuit explained:

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

Id. at 97.

The plaintiff's complaint seeks damages for wrongful repossession and conversion, tortious breach of contract, and fraud and deceit. While Triad contends that the plaintiff's claims represent "core proceedings" in the Thames bankruptcy case, the above quoted passage makes it clear that they do not. None of the plaintiff's claims invoke a substantive right created by federal bankruptcy law. On the contrary, they assert only state law claims. Moreover, this action is not a proceeding that could arise only in the context of a bankruptcy. It is a suit, premised entirely on state law, that could have proceeded in state court had there been no bankruptcy. "[C]ontroversies that do not depend on the bankruptcy laws for their existence – suits that could proceed in another court even in the absence of bankruptcy – are not core proceedings." Id. at 96.

The plaintiff's claims are, at most, only "related to" a

bankruptcy proceeding, as a recovery could conceivably have an effect on the estate.  Triad is therefore correct in its assertion that this Court has jurisdiction over this action pursuant to § 1334(b).  However, Triad is incorrect in its contention that abstention is inappropriate in this case.

Section 1334(c)(2) states:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, <u>related to a case under title 11 but not arising under title 11 or arising in a case under title 11</u>, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court <u>shall abstain</u> from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2)(emphasis added).

The following criteria must be satisfied to be entitled to mandatory abstention pursuant to Section 1334(c)(2):

(1) the plaintiff must "timely" have brought her motion for abstention; (2) the action must be based on a state law claim; (3) the action must be "related to" a bankruptcy proceeding, as opposed to "arising under" the Bankruptcy Code; (4) the sole federal jurisdictional basis for the action must be Section 1334; (5) there must be an action "commenced in state court; and (6) the action must be capable of being "timely adjudicated" in the state court. <u>Technology Outsource Solutions, LLC v. ENI Technology, Inc.</u>, 2003 WL 252141 at * 4 (W.D. N.Y. 2003), citing <u>Channel Bell Associates v. W.R. Grace & Co.</u>, 1992 WL 232085 at *5 (S.D. N.Y. 1992); <u>see</u>

4

also O'Rourke v. Cairns, 129 B.R. 87, 90 (E.D. La. 1991); Rupp & Bowman Co. v. Schuster, 109 F.3d 237, 239 (5th Cir. 1997); Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925 (5th Cir. 1999).

This case clearly satisfies requirements (2) through (6). Thompson's claims are all brought pursuant to state law. The claims do not arise in a case under title 11, but are instead merely "related to" a bankruptcy proceeding. There is no independent basis for jurisdiction other than § 1334(b) because the plaintiff is not alleging a federal question claim. This action was first commenced and, therefore, already established in state court. Finally, there is no reason the matter could not be adjudicated in a timely manner in state court.

Triad argues, however, that the requirement that the motion for mandatory abstention be "timely" is not met in this case. The plaintiff did not file her motion to remand and for abstention until more than six months following removal. Section 1334(c)(2) does not provide any guidance on what constitutes a "timely" motion for mandatory abstention. Neither the Federal Rules of Bankruptcy Procedure nor the local bankruptcy rules provide a specific time period within which an application for mandatory abstention pursuant to Section 1334(c)(2) must be made.

Courts have generally adopted a flexible, case-specific approach in determining whether a motion for mandatory abstention

5

is "timely." Channel Bell Associates v. W.R. Grace & Co., 1992 WL 232085 at *5 (S.D. N.Y. 1992). "A motion for abstention should be made early in the case, so as to prevent the waste of judicial resources." In re Marshland Development, Inc., 129 B.R. 626, 632 n.15 (Bankr. N.D. Cal. 1991). A party acts in a timely fashion "when he or she moves as soon as possible after he or she should have learned the grounds for such a motion." In re Novak, 116 B.R. 626, 628 (N.D. Ill. 1990). However, "the timeliness of the motion must be determined under the individual facts of each case." In re Chiodo, 88 B.R. 780, 785 (W.D. Tex. 1988).

The factors to be considered include "whether the granting of the motion [for mandatory abstention] would prejudice or delay the rights of others." In re Pacor, Inc., 72 B.R. 927, 932 (Bankr. E.D. Pa. 1987). In Pacor, the plaintiff had participated in pretrial conferences in which various deadlines and a trial date were established. It was not until the date of the discovery cutoff, approximately two weeks before trial, that the plaintiff filed its motion for remand or abstention. The bankruptcy court found that the motion was untimely because the other parties and the debtor's creditors would be prejudiced. Id., aff'd 86 B.R. 808 (E.D. Pa. 1988).

In this case, there was no activity by either side for the first three months after removal. On May 3, 2005, Triad filed a motion to refer this case to the bankruptcy court. On May 31,

6

2005, Thompson objected on the basis that an automatic stay had been entered by the bankruptcy court, and that she was filing a motion with the bankruptcy court to lift the automatic stay, to be followed by a motion to remand before this Court. Although Thompson's counsel was mistaken in his belief that the automatic stay had to be lifted before a motion to remand could be filed, he did succeed in putting Triad and Thames on notice that the plaintiff was seeking remand.[1] Moreover, there have been no case management or pretrial conferences, no deadlines established for discovery, motions, or other matters, and no matters of substance litigated. The Court finds that Triad and Thames were not prejudiced by Thompson's filing her motion approximately six months after removal. Therefore, the Court finds that the six

---

[1] A motion to remand is sufficient to meet the requirement. Although the plaintiffs' motion does not specifically seek abstention, abstention is a limitation on removal that cannot be ignored and must be addressed by the Court upon a motion to remand. As the United States District Court for the Eastern District of California held in In re Marathon Home Loans, 96 B.R. 296 (E.D. Cal. 1989):

> Although [the plaintiff] has not specifically moved for abstention, mandatory abstention nevertheless is a limit on removal that cannot be ignored. Her motion for remand fairly puts the concepts underlying abstention in issue. Indeed, Professor Moore's observation that provisions for abstention "should go far to preclude abuse that might otherwise arise from bankruptcy removal" suggests that courts should routinely bear in mind the limits suggested by abstention when deciding remand questions. 1A Moore & B. Ringle, Moore's Federal Practice ¶ 0.171.

Id. at 301; see also Asher v. Blue Diamond Coal Co., 2005 WL 1324966 *2 (E.D. Ky. June 2, 2005)(motion to remand satisfies requirement of motion for abstention).

requirements for mandatory abstention under Section 1334(c)(2) are met.

As further grounds for remand, the Court finds that even if Thompson's motion to remand were not timely and if abstention were not mandatory, discretionary abstention is called for pursuant to § 1334(c)(1), since this case presents only state law issues, and there is no obvious impediment to timely adjudication in state court.  Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to cases under title 11.

Applying the factors adopted in <u>Searcy v. Knostman</u>, 155 B.R. 699, 710 (S.D. Miss. 1993), a number of which relate to the presence, predominance and difficulty of resolving state law issues, as well as proper respect for the role of state courts in addressing and deciding issues of state law, the Court concludes that even if abstention were not mandatory in this case, discretionary abstention is warranted.  The Court therefore finds the plaintiff's motion to remand to be well taken.  Accordingly,

IT IS HEREBY ORDERED that defendant Triad Corporation's motion to refer this case to U.S. Bankruptcy Court **(docket entry 2)** is DENIED;

FURTHER ORDERED that the plaintiff Beverly Thompson's motion to remand and for abstention **(docket entry 8)** is GRANTED.

A separate order remanding this case to the Circuit Court of Warren County, Mississippi, shall be entered of even date herewith.

SO ORDERED, this the   21st   day of March, 2006.


                                              s/David Bramlette          
                                             UNITED STATES DISTRICT JUDGE